1  Dan L. Longo (SBN 105988)
   dlongo@murchisonlaw.com
2  Peter A. Martin (SBN 164254)
   pmartin@murchisonlaw.com
3  **MURCHISON & CUMMING, LLP**
   18201 Von Karman Avenue, Suite 1100
4  Irvine, California 92612-1077
   Telephone: (714) 972-9977
5  Facsimile: (714) 972-1404

6  Attorneys for Defendants, HA & W
   WEALTH MANAGEMENT LLC, a
7  Delaware limited liability company; HABIF,
   AROGETI & WYNNE, LLP, a Georgia
8  limited liability company; and JOSEPH D.
   SIMMS
9

10                UNITED STATES DISTRICT COURT
11         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
12

13 | MATTHEW JOHNSON, an individual; | CASE NO. 2:15-CV-09183-ODW-AS
14 | NATHAN JOHNSON, an individual; |
   | GEMINI PARTNERS, INC., a |
15 | California corporation; and ALACRITY | **NOTICE OF MOTION and**
   | CAPITAL OFFSHORE FUND, LTD., a | **MOTION TO DISMISS PURSUANT**
16 | Cayman Islands limited partnership, | **FED. R. CIV. P. 12(B)(2); AND/OR**
17 |                Plaintiffs, | **ALTERNATIVELY A MOTION TO**
   |                             | **DISMISS PURSUANT TO**
18 |                vs. | **FED.R.CIV.P. 12(B)(3);**
19 | DAVID MAZZA, an individual; PAUL | **MEMORANDUM IN SUPPORT OF**
   | M. WEST, an individual; ANTHONY | **MOTION TO DISMISS PURSUANT**
20 | ALLEN WOOD, an individual; | **TO FED. R. CIV. P. 12(B)(2)**
   | CHRISTOPHER ALLEGRETTI, an | **AND/OR 12(B)(3); DECLARATION**
21 | individual; HBK SORCE FINANCIAL, | **OF PETER A. MARTIN**
   | LLC, an Ohio limited liability |
22 | company; HILL BARTH & KING |
   | LLC, an Ohio limited liability | **HEARING DATE:** May 2, 2016
23 | company; HA&W WEALTH | **COURTROOM:** 11
   | MANAGEMENT LLC, a Delaware | **TIME:** 1:30 P.M.
24 | limited liability company; HABIF, | **JUDGE:** OTIS WRIGHT, II
   | AROGETI & WYNNE, LLP, a Georgia |
25 | limited liability company; and DOES 1 |
   | through 50, inclusive, |
26 |                Defendants. |
27

28

---
1
NOTICE OF MOTION and MOTION TO DISMISS PURSUANT FED. R. CIV. P. 12(B)(2); AND/OR
ALTERNATIVELY A MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(3)

**TO THE CLERK OF THIS HONORABLE COURT, TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on May 28, 2016 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Otis D. Wright, II, Room 11, located at 312 North Spring Street, Los Angeles, California, Defendants HA & W WEALTH MANAGEMENT LLC, HABIF, AROGETI & WYNNE, LLP, and JOSEPH D. SIMMS (collectively, "HAW") shall move this honorable Court for an order dismissing this action pursuant to F.R.C.P. Rules 12(b)(2) and/or 12(b)(3) on the ground that:

1. As to HAW, the Court lacks personal jurisdiction over these defendants pursuant to Fed.R.Civ.P. 12(b)(2); and/or alternatively,

2. As to HAW, the Court should dismiss because of improper venue pursuant to F.R.C.P. Rule 12(b)(3) and 28 U.S.C. 1391.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 26, 2016. On that date, HAW's counsel conferred with plaintiffs' counsel Samuel Yu pursuant to Local Rule 7-3 in an attempt to meet and confer as to the relief sought in this motion. The substance of the meet-and-confer is set forth in the accompanying Declaration of Peter A. Martin (the "Martin Decl."). Counsel for plaintiffs and HAW could not reach an agreement with respect to the relief sought in this motion, necessitating the filing of same.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Martin Decl., upon any Reply brief filed in support of this

motion, upon oral argument which the court may wish to entertain at the hearing of this matter, and upon the papers, records and pleadings on file herein.

DATED: March 4, 2016         MURCHISON & CUMMING, LLP

By: _____
Dan L. Longo
Peter A. Martin
Attorneys for Defendants, HA & W
WEALTH MANAGEMENT LLC, a
Delaware limited liability company;
HABIF, AROGETI & WYNNE, LLP, a
Georgia limited liability company; and
JOSEPH D. SIMMS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LEGAL STANDARD

On February 12, 2016, plaintiffs filed their First Amended Complaint. Amended pleadings are subject to the same challenges as the original—such as a motion to dismiss (*Nelson v. Adams USA, Inc.* (2000) 529 U.S. 460, 466).

HAW's motion to dismiss is based on two different grounds: (1) lack of general or specific personal jurisdiction; and (2) improper venue (28 USC 1391). HAW therefore moves this honorable court for an order dismissing this matter pursuant to F.R.C.P. Rules 12(b)(2) and 12(b)(3).

Defendants' procedural and substantive rights are protected by safeguards implemented by the Federal courts, which safeguards must be applied in this case. These safeguards assure the ability of civil defendants to present their defenses. This is especially important here, where HAW (consisting of three defendants—one from Delaware , and two from Georgia) had no minimum contacts with California. Plaintiffs bear the burden of demonstrating that jurisdiction exists (*Love v. Assoc. Newspapers Ltd.* (9th Cir. 2010) 611 F.3d 601, 608).

## II. FACTS RELEVANT TO MOTION

In their FAC, Plaintiffs generally allege fraud against multiple defendants including HAW (FAC attached as Exhibit A to the Martin Decl., and alleging (1) fraud, (2) fraudulent inducement, (3) fraudulent transfer, and (4) constructive fraudulent transfer).

The only allegations in the FAC as to jurisdiction are contained in paragraphs 8-9 under the heading, "Jurisdiction and Venue." Significantly, *not a single word* in these paragraphs mentions HAW. Instead, each and every jurisdictional allegation in these paragraphs describes conduct by other defendants. Thus, the FAC contains no jurisdictional facts as to HAW.

In the FAC, plaintiffs generally allege, upon information and belief, in paragraphs 17, 21 and 22 that: (1) "Upon information and belief, Defendant Joseph D. (Dan) Simms is an individual residing in the State of Georgia. Upon information and belief, Joseph Simms was a partner at Habif, Arogeti & Wynne, LLP ('HA&W') at all relevant times" (Par. 17); (2) "Upon information and belief, Defendant HA&W Wealth Management LLC is a Delaware limited liability company with its principal place of business in Wilmington, Delaware" (Par. 21) and (3) "Upon information and belief, Defendant Habif, Arogeti & Wynne, LLP is a Georgia limited liability company with its principal place of business in Atlanta, Georgia" (Par. 22).

Nowhere is any HAW defendant alleged to be a California resident, and there are no allegations that HAW had any contacts with California.

California's long-arm statute (California *Code of Civil Procedure* § 410.10—applicable since this litigation was removed pursuant to diversity jurisdiction) allows this Court to exercise personal jurisdiction over a foreign defendant <u>only if</u> each defendant has established "minimum contacts" with the forum state so that that the defendant's due process rights are not violated by being forced to litigate in a foreign

court. This principle was reinforced in *Ashcroft v. Iqbal* (129 S.Ct. 1937 (2009)) where the court held, "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that *because they are no more than conclusions*, are not entitled to the assumption of truth" (*Iqbal* at 1950 [emphasis added]). *Iqbal* recognized that a motion to dismiss usually, if not always, comes before the Court prior to discovery. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief" (*Iqbal* at 1950).

When the absence of personal jurisdiction is this apparent, the Court may properly issue a *sua sponte* order quashing the summons issued, and order Plaintiff to re-file its Complaint in the jurisdiction only where the available evidence suggests defendants reside. HAW's motion should be granted given plaintiffs' failure to meet the due process requirements set forth in *International Shoe* and its progeny. As set forth more fully herein, HAW establishes from the Complaint alone that no personal jurisdiction exists; and alternatively, that this case should be dismissed for improper venue.

III. <u>NO PERSONAL JURISDICTION EXISTS AS TO HAW</u>

  A. <u>California's Long-Arm Statute</u>

California *Code of Civil Procedure* § 410.10 addresses the exercise of personal jurisdiction in California for both federal and state purposes as follows: "A court of the state may exercise jurisdiction on any basis not inconsistent with the constitution of this

state or of the United States." By its terms, California courts are constrained by the due process clause of the Fourteenth Amendment of the United States Constitution when determining whether a foreign defendant has sufficient contacts with the State of California to support judicial jurisdiction.

The U.S. Supreme Court defined the limits of the States' power to compel non-residents to defend suits in foreign courts. Beginning with *International Shoe Co. v. Washington* ((1945) 326 U.S. 310, 66 S.Ct. 154), the Court focused on the existence of "minimum contacts" with the forum state, so that jurisdiction over the foreign defendant would not offend traditional notions of fair play and substantial justice (*Id.,* at 316).

    B.    <u>Under California Law, Plaintiffs Bear The Burden Of Proving The Existence Of Jurisdictional Facts By A Preponderance Of The Evidence</u>

Where a defendant challenges the existence of personal jurisdiction, the plaintiff has the burden to come forward with some evidence to establish jurisdiction (*Dist. Council No. 16 of Int'l Union of Painters & Allied Trades v. B&B Glass, Inc.*, 510 F.3d 851, 855 (9th Cir. 2007)). The burden of proof is upon the plaintiff to establish the facts of jurisdiction by a preponderance of the evidence (*Arnesen v. Raymond Lee Organization, Inc.* (1973) 31 Cal.App.3d 991, 994-995, 107 Cal.Rptr. 744) Accordingly, this motion to dismiss is properly before the court and should be granted. The plaintiffs bear the burden of proving the existence of jurisdictional facts by a preponderance of the evidence.

C. The HAW Defendants Have Not Purposely Availed Themselves Of Any Benefits Of California Law, And This District Court Cannot Assert Personal Jurisdiction Over These Foreign Defendants

The minimum contacts requirement between a foreign defendant and the forum state was enunciated in *Burger King Corporation v. Rudzewicz* ((1985) 471 U.S. 462, 105 S.Ct. 2174). In *Burger King*, a foreign franchisee was sued in Florida District Court for breach of the franchise agreement. The Court stated,

> "The unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails ... [itself] ... of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. This 'purposeful availment' requirement insures that a defendant will not be hauled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated contacts,' (citations omitted) or of the 'unilateral activity of another party or third person.'"

*Id.*, at 471 U.S. 475.

In this case, plaintiffs are the only parties in this litigation who have purposely availed themselves of the State of California. The *Burger King* court further stated that once it has been decided that a defendant has purposefully established minimum contacts with the forum state, the trial court must determine whether the exercise of jurisdiction is reasonable under the circumstances. The Court in *Burger King* stated that even if a defendant has purposefully engaged in forum activities, jurisdiction may still be defeated

if it is not reasonable—i.e., if the defendant is placed at a severe disadvantage because litigation in the foreign forum is "gravely difficult and inconvenient" (*Id.* at 476).

Even if this court decides that the HAW defendants somehow purposely availed themselves of the "benefits and protection" of California, jurisdiction is still defeated because of the grave difficulty and inconvenience of litigating this matter as defendants located across the country with no connection to California. Plaintiffs allege no activity by the HAW defendants in the State of California.

To establish personal jurisdiction, the Due Process Clauses of the Fifth and Fourteenth Amendments require that a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" (*Int'l Shoe*, 326 U.S. at 316). These requirements "give[] a degree of predictability to the legal system that allow potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit" (*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

An out-of-state defendant must have "fair warning" that its activities in the forum state will subject it to personal jurisdiction (*Shaffer v. Heitner*, 433 U.S. 186, 218 (1977)). This fair warning can be established when the defendant has "purposefully directed such activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities" (*Burger King* at 472).

NOTICE OF MOTION and MOTION TO DISMISS PURSUANT FED. R. CIV. P. 12(B)(2); AND/OR ALTERNATIVELY A MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(3)

Personal jurisdiction falls into two categories—general or specific jurisdiction (*Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008)). A court has general jurisdiction when the defendant engages in "continuous and systematic general business contacts . . . that approximate physical presence in the forum state" (*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

Plaintiffs' allegations in their FAC fail to approach any level near "continuous and systematic general business contacts" by the HAW defendants. Further, the Ninth Circuit has expounded a three-part test for establishing specific personal jurisdiction: (1) the defendant must purposefully avail himself of the benefits and protections of the forum state, (2) the claim must arise out of, or be related to, the defendant's forum-based activity, and (3) exercise of jurisdiction must comport with fair play and substantial justice (*Schwarzenegger*, 374 F.3d at 802). Plaintiffs have not met, and cannot meet, this Ninth Circuit test. The FAC is devoid of any such averments of purposeful availment by HAW. There are no contracts with HAW alleged in the FAC, there is no signing of contracts alleged by HAW, and there are no contacts of any kind by HAW in California.

In *Sibley v. Superior Court* ((1976) 16 Cal.3d 442, 128 Cal.Rptr. 34) the California Supreme Court decided the issue of whether the execution and alleged breach of a guaranty agreement created a sufficient basis upon which to sustain personal jurisdiction over the foreign guarantor. The defendant in *Sibley* was a Florida resident who had signed a guaranty agreement on behalf of a Georgia corporation. The Georgia corporation was a general partner of a California limited partnership. The limited partnership filed suit in

10
NOTICE OF MOTION and MOTION TO DISMISS PURSUANT FED. R. CIV. P. 12(B)(2); AND/OR
ALTERNATIVELY A MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(3)

California alleging breach of the guaranty agreement. In assessing the jurisdictional facts of the case, the *Sibley* Court noted that the petitioner (the foreign guarantor) had signed the guaranty agreement in Florida, the petitioner was a resident of Florida, the petitioner did not own any real or personal property in California, and the petitioner did not have any business interest with California except as trustee of a testamentary trust. The California Supreme Court applied the "purposeful availment" test to determine whether the exercise of jurisdiction would be constitutionally "reasonable." The court found that the petitioner, even as the trustee of a testamentary trust, had not availed himself of any of the benefits or protections of California laws and the petitioner did not anticipate that he would derive any economic benefit from the guaranty agreement (*Id.* at 447). Based on these facts, the *Sibley* court held that the exercise of jurisdiction over the Florida guarantor would be unreasonable under the circumstances.

There are no facts to establish that HAW had the requisite minimum contacts with the forum state. To the contrary, the facts established in the FAC itself are that HAW had no alleged contact whatsoever with California.

Given the foregoing, this court lacks personal jurisdiction over HAW under the jurisdictional facts of this case. HAW accordingly respectfully requests that this honorable court grant this motion and dismiss based on the lack of personal jurisdiction.

IV. <u>THIS MOTION SHOULD BE GRANTED FOR IMPROPER VENUE</u>

Aside from the personal-jurisdiction requirement, a civil action must also be brought in the appropriate venue. The case may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action (28 U.S.C. § 1391(b)).

Under F.R.C.P. Rule 12(b)(3) a defendant may raise improper venue as a basis for dismissal of the action. Here, the FAC demonstrates clearly that California is the improper venue pursuant to §1391(b). Plaintiffs may argue, although the Complaint does not meet the proper standards, that venue is proper in California pursuant to § 1391(b)(2). However, certainly by the Complaint as removed, the averments are inadequate to show proper venue in California.

## V. CONCLUSION

For all of the reasons stated herein, HAW respectfully requests that this motion to dismiss pursuant to F.R.C.P. Rule 12(b)(2) and 12(b)(3) be granted.

DATED: March 3, 2016

**MURCHISON & CUMMING, LLP**

By: _____
Dan L. Longo
Peter A. Martin
Attorneys for Defendants, HA & W WEALTH MANAGEMENT LLC, a Delaware limited liability company; HABIF, AROGETI & WYNNE, LLP, a Georgia limited liability company; and JOSEPH D. SIMMS

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18201 Von Karman Avenue, Suite 1100, Irvine, California 92612-1077.

On March 3, 2016, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT FED. R. CIV. P. 12(B)(2); AND/OR ALTERNATIVELY A MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(3); MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) AND/OR 12(B)(3); DECLARATION OF PETER A. MARTIN** on the interested parties in this action as follows:

### SEE ATTACHED LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION**: Pursuant to the E-Filing System of the United States District Court, Central District of California, to the parties at the e-mail addresses on the Court's website.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 3, 2016, at Irvine, California.

_____
Susan Brambila

---

NOTICE OF MOTION and MOTION TO DISMISS PURSUANT FED. R. CIV. P. 12(B)(2); AND/OR ALTERNATIVELY A MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(3)

## SERVICE LIST
**Matthew Johnson vs. David Mazza**

| | |
|---|---|
| Amir M. Kahana, Esq.<br>Samuel Yu, Esq.<br>KAHANA LAW, P.C.<br>18101 Von Karman Ave., Suite 230<br>Irvine, CA  92612<br>Telephone: (949) 812-4783<br>Facsimile: (949) 281-2105<br>E-Mail: amk@kahanalaw.com<br>        samyu@kahanalaw.com | Counsel for Plaintiffs<br>MATTHEW JOHNSON; NATHAN JOHNSON; GEMINI PARTNERS, INC.; and ALACRITY CAPITAL OFFSHORE FUND, LTD. |
| Calvin E. Davis, Esq.<br>Aaron P. Rudin, Esq.<br>GORDON AND REES, LLP<br>633 West Fifth Street, Suite 4900<br>Los Angeles, CA  90071<br>Telephone: 213.576.5000<br>Facsimile: 213.680.4470<br>E-Mail: cdavis@gordonrees.com<br>        arudin@gordonrees.com | Counsel for Defendants, CHRISTOPHER ALLEGRETTI, HBK SORCE FINANCIAL, LLC, and HILL BARTH & KING, LLC |
| Olivia O. Bissell, Esq.<br>Bissell & Associates, P.C.<br>1028 North Lake Avenue<br>Suite 101<br>Pasadena, CA  91104<br>Telephone: (310) 508-9575<br>Facsimile: (310) 300-0711<br>E-Mail: oliviabissell@gmail.com | Attorney for Specially Appearing Defendants, DAVID MAZZA, PAUL M. WEST and ANTHONY A. WOOD |
| Nicholas J. Dertouzous<br>Richard G. Witkowski, Esq.<br>Nicola Gudbranson & Cooper, LLC<br>25 West Prospect Avenue<br>Cleveland, OH  44108<br>E-Mail: dertouzos@nicola.com<br>        witkowski@nicola.com | |