1  Amir M. Kahana, Esq. (SBN 218149)
  Samuel Yu, Esq. (SBN 251636)
2  KAHANA LAW, P.C.
  18101 Von Karman Ave., Suite 230
3  Irvine, CA 92612
  Telephone (949) 812-4783
4  Facsimile (949) 281-2105
  E-mail: amk@kahanalaw.com;
5  samyu@kahanalaw.com

6  Attorneys for Plaintiffs Matthew
  Johnson, Nathan Johnson, Gemini
7  Partners, Inc., and Alacrity Capital
  Offshore Fund, Ltd.
8

9              UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| 11 MATTHEW JOHNSON, an individual; NATHAN JOHNSON, an individual; GEMINI PARTNERS, INC., a California corporation; and ALACRITY CAPITAL OFFSHORE FUND, LTD., a Cayman Islands limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID MAZZA; an individual; PAUL M. WEST, an individual; ANTHONY ALLEN WOOD, an individual; JOSEPH D. SIMMS, an individual; CHRISTOPHER ALLEGRETTI, an individual; HBK SORCE FINANCIAL, LLC, an Ohio limited liability company; HILL, BARTH & KING LLC, an Ohio limited liability company; HA&W WEALTH MANAGEMENT LLC, a Delaware limited liability company; HABIF, AROGETI & WYNNE, LLP, a Georgia limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:15-CV-09183-ODW(ASx)<br><br>Judge: Honorable Otis Wright, II<br><br>**PLAINTIFFS MATTHEW JOHNSON, NATHAN JOHNSON, GEMINI PARTNERS, INC., AND ALACRITY CAPITAL OFFSHORE FUND, LTD.'S OPPOSITION TO DEFENDANTS DAVID MAZZA, PAUL M. WEST, AND ANTHONY ALLEN WOOD'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(3)**<br><br>[Filed concurrently with Declaration of Matthew Johnson]<br><br>Date:        March 28, 2016<br>Time:        1:30 p.m.<br>Courtroom:  11 |

PLAINTIFFS' OPPOSITION TO DEFENDANTS DAVID MAZZA, PAUL M. WEST, AND
ANTHONY ALLEN WOOD'S MOTION TO DISMISS

1

## <u>TABLE OF CONTENTS</u>

2   I.    **INTRODUCTION**.................................................................................. 1

3

4   II.   **STATEMENT OF FACTS** ................................................................... 2

5

6   III. **LEGAL ARGUMENT** .......................................................................... 4

7           **A.   The Forum Selection Clause Does Not Apply Because**

8                 **This Action Does Not Arise from the Contracts** ................................... 4

9           **B.   Defendants Waived Improper Venue by Failing to Raise**

10                **the Forum Selection Clause in Their Prior Motion to Dismiss** ........... 6

11          **C.   Even Assuming the Forum Selection Clause Applies,**

12                **Venue Is Still Proper Because the Forum Selection Clause**

13                **Is Not Exclusive** ................................................................................... 7

14          **D.   Los Angeles Is the Proper Venue for This Action** ................................. 9

15          **E.   In the Event This Motion Is Granted, Plaintiffs Request**

16                **Leave to Amend or for a Transfer, in the Alternative** ......................... 11

17

18  IV. **CONCLUSION**.................................................................................. 11

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS DAVID MAZZA, PAUL M. WEST, AND
ANTHONY ALLEN WOOD'S MOTION TO DISMISS

## TABLE OF AUTHORITIES

**Cases**

*American Patriot Ins. Agency v. Mutual Risk Management, Ltd.*, 364 F.3d 884 (7th Cir. 2004) ........................................................................................................... 6

*Bankers Trust Co. v. Worldwide Transportation, Inc.*, 547 F. Supp. 1101 (E.D. Ark. 1982) ............................................................................................................ 4

*Berrett v. Life Ins. Co. of the Southwest*, 623 F. Supp. 946 (D. Utah 1985)......... 4, 5

*Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263 (N.D. Cal. 2001)......... 4, 5, 6

*DeCarlo v. Fry*, 141 F.3d 56 (2nd Cir. 1998) ........................................................ 11

*Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (9th Cir. 1987)......... 7, 8

*King v. Russell*, 963 F.2d 1301 (9th Cir. 1992) ..................................................... 11

*Lamont v. Haig,* 590 F.2d 1124 (D.C. Cir. 1978) .................................................... 9

*Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988) ....... 5, 6

*Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133 (9th Cir. 2004)........................ 9, 10

*Myers v. Bennett Law Offices,* 238 F. 3d 1068 (9th Cir. 2001) ............................... 9

*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273 (9th Cir. 1984) ....................................................................................................... 8

*Silva v. Bieluch*, 351 F.3d 1045 (11th Cir. 2003) .................................................. 11

*Swaim v. Moltan Co.*, 73 F.3d 711 (7th Cir. 1996).................................................. 7

**Statutes**

18 U.S.C. § 1391(b)(2) ........................................................................................... 10

28 U.S.C. § 1391(b)(2) ............................................................................................. 9

28 U.S.C. § 1406(a) ................................................................................................ 11

**Rules**

Fed. R. Civ. P. 12(g) ................................................................................................. 6

Fed. R. Civ. P. 12(h) ................................................................................................. 6

Fed. R. Civ. P. 12(h)(1)............................................................................................. 6

Fed. R. Civ. P. 15(a)(2)........................................................................................... 11

**Other Authorities**

1 William W. Schwarzer et al., Federal Civil Procedure Before Trial § 9:138 (2015) .................................................................................................................. 10

PLAINTIFFS' OPPOSITION TO DEFENDANTS DAVID MAZZA, PAUL M. WEST, AND
ANTHONY ALLEN WOOD'S MOTION TO DISMISS

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3       Defendants David Mazza, Paul M. West and Anthony Allen Wood

4   (collectively, "Defendants") bring a frivolous Motion to Dismiss ("Motion") based

5   on improper venue.  Defendants' Motion is without merit and can be denied on

6   numerous, separate grounds.

7       First, this action for fraud, fraud in the inducement, fraudulent transfer, and

8   constructive fraudulent transfer does not arise from any contracts and does not

9   require the interpretation of any provisions of any contracts.  Instead, Plaintiffs

10  allege that the entire scheme was a fraud and that Defendants made material

11  misrepresentations and concealed material facts to induce them into entering into a

12  business relationship with Defendants.

13      Second, none of the parties in this action are signatories of the Note, and

14  only Plaintiff Gemini Partners, Inc. signed the Marketing Agreement, which was

15  integrated and superseded by the Note.  Given that the Note has not been signed by

16  any of the Plaintiffs and only by the Alethean entities, which are not parties to this

17  action, the forum selection should not be enforced.

18      Third, Defendants waived their defense as to the forum selection clause by

19  omitting it in their prior motion.  The original Complaint made reference to the

20  Note, which attaches the Marketing Agreement as Exhibit A, and Defendants

21  failure to raise this defense constitutes a waiver.

22      Fourth, even assuming that the forum selection applies, venue is still proper

23  before this Court because the provision is permissive and not exclusive.  The

24  forum selection clause within the Note explicitly states that Delaware is the "non-

25  exclusive jurisdiction," and as such, forum is proper before this Court.

26      Lastly, the First Amended Complaint raises additional allegations to

27  establish that Los Angeles is the proper forum for this action.

28      Based on the foregoing, the Court should deny the Motion in its entirety.

1

PLAINTIFFS' OPPOSITION TO DEFENDANTS DAVID MAZZA, PAUL M. WEST, AND
ANTHONY ALLEN WOOD'S MOTION TO DISMISS

## II.    STATEMENT OF FACTS

On December 9, 2015, Defendants brought a motion to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(B)(2) and 12(B)(3).  (Mot. Dismiss, December 9, 2015.)  Despite the fact that Plaintiffs raised allegations regarding the Note that contains the forum selection clause at paragraph 43 of the Complaint, Defendants' prior motion to dismiss omitted this fact.  (*Id.*)

On January 29, 2016, the Court granted Defendants' prior motion to dismiss with leave to amend.  (Order Granting Mot. Dismiss, January 29, 2016 ("Order").)  As part of its Order, the Court stated, "However, based on the allegations in Plaintiff's Opposition, if given leave to amend, it is likely that Plaintiffs would be able to establish jurisdiction over Defendants."  (Order 8:11-14.)  The Court further noted that "[s]hould the Complaint be amended to include facts that would establish personal jurisdiction, it will likely establish proper venue under § 1391(b)(2) as well."  (Order 9:5-6.)

Based on the Court's Order, on February 12, 2016, Plaintiffs amended the Complaint and raised additional factual allegations regarding the nature of the relationship among the parties and conduct of Defendants.  (First Am. Compl. ("FAC") ¶¶ 8-9, 39.)  Although references to contracts are alleged to establish the conduct of Defendants to avail themselves to California jurisdiction, Plaintiffs' claims remain unchanged, and the First Amended Complaint still has the same four causes of action for fraud, fraudulent inducement, fraudulent transfer, and constructive fraudulent transfer.  (FAC.)

At paragraph 9 of the FAC, Plaintiffs allege that Defendants "contacted Plaintiffs in California beginning in early 2010 to present an investment opportunity.  (FAC ¶ 9; Decl. of Matthew Johnson ¶ 2.)  Plaintiffs further allege that they "informed these Defendants that they reside in Los Angeles, California and that their businesses were a California corporation."  (*Id.*)  Moreover, prior to Defendants' contact, Plaintiffs "had never reached out to them regarding any

PLAINTIFFS' OPPOSITION TO DEFENDANTS DAVID MAZZA, PAUL M. WEST, AND ANTHONY ALLEN WOOD'S MOTION TO DISMISS

1  investment opportunity or business transaction." (*Id*.)  Defendants made

2  "numerous calls throughout 2010, and much of these calls and conferences took

3  place in Los Angeles." (*Id.*)  Defendants are also believed to have visited

4  California on "multiple occasions, and Defendant Anthony Allen Wood met with

5  Plaintiffs in Los Angeles after the initial funding." (*Id.*)  Defendants are further

6  believed to have "solicited and conducted substantial business within the State of

7  California and within this judicial district." (*Id.*)

8      Lastly, at paragraph 39, Plaintiffs allege the execution of a Marketing

9  Agreement, which is Exhibit A to the Note, that was signed by Defendant West on

10  behalf of Alethean and signed by Matthew Johnson in California on behalf of

11  Gemini Parnters, Inc.  (FAC ¶ 39; Decl. of Matthew Johnson ¶ 3, Ex. 1 [Note and

12  Marketing Agreement].)  The agreement was to be performed in California, and

13  the Note and Marketing Agreement contain the following forum selection clauses:

14  "The validity of this Note, and the construction, interpretation, and
15  enforcement hereof, shall be governed by and construed under the
    internal laws of the State of Delaware, without regard to conflict of
16  law provisions.  Each Loan Party agrees that any suit arising out of or
    related to this Note may be brought only in a Delaware state or, to the
17  extent permitted by law, federal court sitting in Wilmington,
    Delaware, as the Lender may elect in its sole discretion, and consents
18  to the **non-exclusive** jurisdiction of such courts; *provided, however*,
    that any suit seeking enforcement against any Collateral or other
19  property may be brought, at Lender's option, in the courts of any
    jurisdiction where Lender elects to bring such action or where such
20  Collateral of other property may be located." (Decl. of Matthew
    Johnson ¶ 3, Ex. 1 [Note ¶ 5.5].

21  "This LOU shall be governed and construed in accordance with the
    laws of the State of Delaware applicable to agreements made and to
22  be wholly performed within that state, without regard to its conflict of
    laws provisions.  All parties consent to the exclusive jurisdiction of
23  the state and/or federal courts located in Wilmington, DE." (Decl. of
    Matthew Johnson ¶ 3, Ex. 1 [Note, Ex. A (Marketing Agreement ¶
24  26)].)

25      Moreover, the Note contains an integration clause at section 5.14, which

26  provides that it constitutes the "complete agreement between the Loan Parties and

27  the Lender with respect to the subject-matter hereof and thereof and replaces and

28  supersedes any and all other prior written and oral agreements or statements by

PLAINTIFFS' OPPOSITION TO DEFENDANTS DAVID MAZZA, PAUL M. WEST, AND
ANTHONY ALLEN WOOD'S MOTION TO DISMISS

1    such parties hereto relating to such subject-matter." (*Id.*)  Plaintiff Gemini

2    Partners, Inc. is the only party in this action that signed the Marketing Agreement,

3    and none of the parties in this action signed the Note. (*Id.*)

4    **III.    LEGAL ARGUMENT**

5          A.    <u>**The Forum Selection Clause Does Not Apply Because This Action**</u>

6                <u>**Does Not Arise from the Contracts**</u>

7          Whether a forum selection clause applies to tort claims depends on whether

8    resolution of the claims relates to **interpretation** of the contract.  *Berrett v. Life*

9    *Ins. Co. of the Southwest*, 623 F. Supp. 946, 948-49 (D. Utah 1985).  There, the

10   court stated that "compelling factual considerations may dictate that claims

11   otherwise governable by forum selection clauses be retained for disposition in the

12   District where filed."  *Id.* at 949 (citing *Bankers Trust Co. v. Worldwide*

13   *Transportation, Inc.*, 547 F. Supp. 1101, 1112 (E.D. Ark. 1982)).  The *Berrett*

14   court determined that where the alleged tortious acts are "unrelated to the

15   **interpretation**" of the agreement, the forum selection clause does not apply.  *Id.*

16   (emphasis added).  The court then concluded that the parties were unlikely to have

17   "contemplated that tort claims…would be governed by the forum selection clause"

18   and determined that it did not apply as to claims of intentional interference with

19   business relations, wrongful inducement to breach and defamation.  *Id.*

20         Similarly, in *Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1267

21   (N.D. Cal. 2001), the court found that a forum selection clause did not apply

22   because the claims did not pertain to the agreement that contained the forum

23   selection clause.  There, Amazon.com, Inc. ("Amazon") brought a motion to

24   dismiss for improper venue based on a forum selection clause within a

25   Participation Agreement, an "agreement to which one had to assent before using

26   Amazon's 'person-to-person' transaction services, Amazon Auctions and zShops."

27   *Id.*  Amazon argued that because it only used CyberSource for transactions on its

28   Auctions or zShope, the only persons who could "complain of CyberSource's

4

1   conduct" are those who clicked on the Participation Agreement, which contained

2   the forum selection clause. *Id.* The court determined that the claims pertained to a

3   separate Privacy Policy and not the Participation Agreement, and as such, denied

4   Amazon's motion to dismiss for improper venue. *Id*. at 1267-69.

5          Here, Plaintiffs' claims for fraud, fraud in the inducement, fraudulent

6   transfer, and constructive fraudulent transfer are entirely unrelated to the

7   interpretation of any written agreements. Just as in *Berrett*, Plaintiffs bring tort

8   claims concerning the fraudulent conduct of Defendants, and Plaintiffs' claims do

9   not require any interpretation of the contracts. Plaintiffs' claims are separate and

10  apart from both the Secured Promissory Note and the Marketing Agreement that

11  Defendants raise in their Motion. Plaintiffs are not seeking to collect on the

12  Secured Promissory Note, and Plaintiffs' claims are not that Defendants violated

13  any provision in the Marketing Agreement. Instead, Plaintiffs allege that the entire

14  scheme was a fraud and that Defendants made material misrepresentations and

15  concealed material facts to induce them into entering into a business relationship

16  with Defendants. (FAC ¶¶ 61-127.)

17         The cases cited by Defendants are inapplicable to the facts here. In *Manetti-*

18  *Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988), the

19  plaintiff claimed that the defendant instituted a price squeeze by raising prices

20  substantially above what it charged other customers, that the defendant

21  fraudulently obtained the plaintiff's customer lists and business information to

22  solicit its customers, that the plaintiff wrongfully neglected delivery orders, and

23  that the defendant wrongfully abrogated the contract. *Id.* The court determined

24  that each of these claims "relates in some way to rights and duties enumerated in

25  the exclusive dealership contract" and that the claims "cannot be adjudicated

26  without analyzing whether the parties were in compliance with the contract." *Id.*

27  After determining that the tort causes of action relate to the "central conflict over

28  the interpretation" of the contract, the court concluded that the claims were within

PLAINTIFFS' OPPOSITION TO DEFENDANTS DAVID MAZZA, PAUL M. WEST, AND
ANTHONY ALLEN WOOD'S MOTION TO DISMISS

1   the scope of the forum selection clause. *Id*. These facts are entirely absent in this

2   action, where Plaintiffs' claims do not require the interpretation of any provision of

3   any contracts. Thus, this action is distinguishable from that of *Manetti-Farrow*.

4        This action is also distinguishable from *American Patriot Ins. Agency v.*

5   *Mutual Risk Management, Ltd.*, 364 F.3d 884, 888 (7th Cir. 2004). There, the

6   plaintiff sued for breach of contract concerning a Shareholder Agreement and

7   fraudulent inducement regarding letters of credit to secure its obligations under the

8   Shareholder Agreement. *Id.* The parties were signatories to the Shareholder

9   Agreement, which contained a forum selection provision. The court concluded

10  that the contracts at issue, including the Shareholder Agreement, were a package,

11  and "all worked together to create and administer the insurance program." *Id.* The

12  court then concluded that the existence of multiple remedies for wrongs arising out

13  of a contractual relationship does not obliterate the contractual setting. *Id*. Here,

14  Defendants are not parties to the contracts, and the relationship between Plaintiffs

15  and Defendants does not arise from any contracts. Thus, *American Patriot Ins.*

16  *Agency* is distinguished from this action.

17       Moreover, similar to the plaintiffs in *Crowley*, Plaintiffs and Defendants are

18  not signatories to the Note, and only Plaintiff Gemini Partners is a signatory to the

19  Marketing Agreement. Thus, Defendants have no contractual right to invoke the

20  forum selection clause. Ultimately, because Plaintiffs' claims do not require the

21  interpretation of any contracts and do not arise from any contractual relationship

22  with Defendants, the forum selection clause does not apply.

23       **B.    Defendants Waived Improper Venue by Failing to Raise the**

24              **Forum Selection Clause in Their Prior Motion to Dismiss**

25       The defense of improper venue is waived if omitted in a preanswer Rule 12

26  motion. Fed. R. Civ. P. 12(h)(1). Waiver results where a defendant files a motion

27  under Rule 12 raising some other ground and the defense was available at the time

28  the Rule 12 motion was made. Fed. R. Civ. P. 12(g), (h); *see Swaim v. Moltan Co.*,

6

PLAINTIFFS' OPPOSITION TO DEFENDANTS DAVID MAZZA, PAUL M. WEST, AND
ANTHONY ALLEN WOOD'S MOTION TO DISMISS

1 | 73 F.3d 711, 718, fn. 4 (7th Cir. 1996).

2 |       Here, Defendants brought a Rule 12 motion in response to Plaintiffs' initial

3 | Complaint on December 9, 2015.  Despite the fact that the Plaintiffs alleged at

4 | paragraph 43 of the Complaint regarding the Note which attached the Marketing

5 | Agreement as Exhibit A, Defendants made no mention of any forum selection

6 | clause or sought to dismiss this action on such grounds.  While Defendants were

7 | not parties to the contracts, as Defendants admit in their motion, "Defendant Paul

8 | West signed on behalf of the Alethean entities."  (Mot. Dismiss, December 9, 2015

9 | 6:25-27.)

10 |       In granting Defendants' motion to dismiss with leave to amend, the Court

11 | conceded that "based on the allegations in Plaintiff's Opposition, if given leave to

12 | amend, it is likely that Plaintiffs would be able to establish jurisdiction over

13 | Defendants."   (Order 8:11-14.)   The Court further noted that "[s]hould the

14 | Complaint be amended to include facts that would establish personal jurisdiction, it

15 | will likely establish proper venue under § 1391(b)(2) as well."  (Order 9:5-6.)

16 | Although Plaintiffs make additional allegations concerning jurisdiction and venue,

17 | Plaintiffs' claims remain unchanged, and the First Amended Complaint still has the

18 | same four causes of action for fraud, fraudulent inducement, fraudulent transfer,

19 | and constructive fraudulent transfer.  (FAC.)

20 |       Given that Defendants failed to raise a defense available at the time they

21 | filed their motion to dismiss the initial Complaint, they have waived that challenge.

22 | Therefore, the Court should deny this Motion based on Defendants' waiver.

23 |       **C.**    **Even Assuming the Forum Selection Clause Applies, Venue Is**

24 |                  **Still Proper Because the Forum Selection Clause Is Not Exclusive**

25 |       Where a forum selection clause is permissive, but not exclusive, the forum

26 | selection clause does not bar venue in another forum.  *Hunt Wesson Foods, Inc. v.*

27 | *Supreme Oil Co.,* 817 F.2d 75, 77 (9th Cir. 1987).  There, the forum selection

28 | clause provided as follows:

PLAINTIFFS' OPPOSITION TO DEFENDANTS DAVID MAZZA, PAUL M. WEST, AND
ANTHONY ALLEN WOOD'S MOTION TO DISMISS

1
2
3

"Buyer and Seller expressly agree that the laws of the State of California shall govern the validity, construction, interpretation and effect of this contract. The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract."

4  The court compared this provision to that in *Pelleport Investors, Inc. v. Budco*

5  *Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984), which provided that "all

6  disputes arising out of or in connection with this Agreement shall be litigated only

7  in the Superior Court for Los Angeles, California (and in no other)." The court in

8  *Hunt Wesson Foods* distinguished the permissive language in its case to the

9  "exclusive language" in *Pelleport Investors* and held that the forum selection

10  clause "does not confer exclusive and mandatory jurisdiction." *Hunt Wesson*

11  *Foods, Inc. v. Supreme Oil Co.*, 817 F.2d at 78.

12  Here, the forum selection clause in the Note provides as follows:

13
14
15
16
17
18
19

"The validity of this Note, and the construction, interpretation, and enforcement hereof, shall be governed by and construed under the internal laws of the State of Delaware, without regard to conflict of law provisions. Each Loan Party agrees that any suit arising out of or related to this Note may be brought only in a Delaware state or, to the extent permitted by law, federal court sitting in Wilmington, Delaware, as the Lender may elect in its sole discretion, and consents to the **non-exclusive** jurisdiction of such courts; *provided, however*, that any suit seeking enforcement against any Collateral or other property may be brought, at Lender's option, in the courts of any jurisdiction where Lender elects to bring such action or where such Collateral of other property may be located." (emphasis added)

20  The permissive nature of this forum selection clause is even stronger than

21  that in *Hunt Wesson Foods* in that whereas the forum selection clause in *Hunt*

22  *Wesson Foods* merely lacked exclusive language, the forum selection clause above

23  explicitly states that the parties consent to the "**non-exclusive**" jurisdiction of the

24  Delaware court. Moreover, as noted above, this is an agreement that none of the

25  Plaintiffs signed and was only signed by the Alethean entities, which are not

26  parties to this action.

27  Defendants may argue that even if the forum selection in the Note is not

28  exclusive, that they should be permitted to invoke the forum selection provision in

PLAINTIFFS' OPPOSITION TO DEFENDANTS DAVID MAZZA, PAUL M. WEST, AND
ANTHONY ALLEN WOOD'S MOTION TO DISMISS

1  the Marketing Agreement, which is attached as Exhibit A to the Note.  However,

2  section 5.14 of the Note provides that the Note constitutes the "**complete**

3  **agreement** between the Loan Parties and the Lender with respect to the subject-

4  matter hereof and thereof and **replaces and supersedes** any and all other prior

5  written and oral agreements or statements by such parties hereto relating to such

6  subject-matter." (emphasis added).  Thus, any forum selection clause within the

7  Marketing Agreement has been superseded by the permissive and non-exclusive

8  forum selection provision in the Note.

9       Defendants may further argue that the forum selection clause in the Note is

10  contradictory in that it provides that it is "non-exclusive" but also provides that

11  actions "may be brought only in a Delaware state…"  However, as stated in

12  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138-39 (9th Cir. 2004), a court

13  ruling on 12(b)(3) motion based upon forum-selection clause must draw all

14  reasonable inferences and resolve all factual conflicts in favor of party opposing

15  enforcement of the clause.  Thus, any conflict should be in favor of Plaintiffs.

16       Based on the above, even assuming that the forum selection clause applies,

17  venue is still proper before this Court because the forum selection clause is not

18  exclusive.

19       **D.    Los Angeles Is the Proper Venue for This Action**

20       Federal law authorizes a civil action to be brought where a substantial part of

21  the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b)(2).

22  "[T]he substantiality of the operative events is determined by assessment of their

23  ramifications for efficient conduct of the suit." *Myers v. Bennett Law Offices*, 238

24  F.3d 1068, 1076 (9th Cir. 2001) quoting *Lamont v. Haig*, 590 F.2d 1124, 1134-

25  1135 (D.C. Cir. 1978).  In tort actions, "the locus of the injury was a relevant

26  factor." *Id.*

27       The court has "broad discretion to decide the manner in which to resolve the

28  question" whether venue exists.  1 William W. Schwarzer et al., Federal Civil

9

1   Procedure Before Trial § 9:138 (2015).  When venue is challenged solely on the

2   basis of declarations and discovery, the motion "should be denied if plaintiff makes

3   a prima facie showing of proper venue."   *Id*. at 9:139.1 (citing *Murphy v.*

4   *Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138-39 (9th Cir. 2004) ("motion based upon

5   forum-selection clause must draw all reasonable inferences and resolve all factual

6   conflicts in favor of party opposing enforcement of the clause").

7          Here, as established above, a substantial part of the events or omissions

8   giving rise to the claim occurred in this district.  18 U.S.C. § 1391(b)(2).  As

9   alleged in the First Amended Complaint, Defendants "contacted Plaintiffs in

10   California beginning in early 2010 to present an investment opportunity." (FAC ¶

11   9.)   "Plaintiffs informed these Defendants that they reside in Los Angeles,

12   California and that their businesses were a California corporation." (*Id.*)  Prior to

13   Defendants' contact, Plaintiffs "never reached out to them regarding any

14   investment opportunity or business transaction." (*Id.*)  Defendants further made

15   numerous calls throughout 2010, and "much of these calls and conferences took

16   place in Los Angeles."  (*Id.*)   Defendants are also believed to have visited

17   California on "multiple occasions, and Defendant Anthony Allen Wood met with

18   Plaintiffs in Los Angeles after the initial funding." (*Id*.)  Defendants are further

19   believed to have "solicited and conducted substantial business within the State of

20   California and within this judicial district." (*Id.*)

21          Moreover, at paragraph 39, Plaintiffs allege the execution of a Marketing

22   Agreement, which is Exhibit A to the Note, that was signed by Defendant West on

23   behalf of Alethean and signed by Matthew Johnson in California on behalf of

24   Gemini Parnters, Inc.  (FAC ¶ 39; Decl. of Matthew Johnson ¶ 3, Ex. 1 [Note and

25   Marketing Agreement].)  Lastly, the agreement was to be performed in California.

26   (*Id.*)

27          Based on all the facts presented, a substantial part of the events or omissions

28   giving rise to Plaintiffs' claims occurred in California and Los Angeles in

PLAINTIFFS' OPPOSITION TO DEFENDANTS DAVID MAZZA, PAUL M. WEST, AND
ANTHONY ALLEN WOOD'S MOTION TO DISMISS

1 | particular.  Therefore, venue is proper and should remain with this Court.

2 | **E.**  **In the Event This Motion Is Granted, Plaintiffs Request Leave to**

3 | **Amend or for a Transfer, in the Alternative**

4 | As set forth in Fed. R. Civ. P. 15(a)(2), the court "should freely give leave

5 | when justice so requires."  Where a more carefully drafted complaint might state a

6 | claim, a plaintiff must be given at least one more chance to amend the complaint

7 | before the district court dismisses the action.  *Silva v. Bieluch*, 351 F.3d 1045, 1048

8 | (11th Cir. 2003); *DeCarlo v. Fry*, 141 F.3d 56, 62 (2nd Cir. 1998).

9 | Here, to the extent the amendments made by Plaintiffs are not sufficient to

10 | establish that venue in this Court is proper, Plaintiffs request leave to amend to

11 | allege further facts regarding the relationship and conduct of the parties.

12 | To the extent the court determines venue is improper, it may either dismiss

13 | the action or, if in the interest of justice, transfer the case to any district in which it

14 | could have been originally brought.  28 U.S.C. § 1406(a); *King v. Russell*, 963 F.2d

15 | 1301, 1304 (9th Cir. 1992).  In the event this Court determines that venue is

16 | improper, Plaintiffs request that the action be transferred rather than dismissed.

17 | **IV.  CONCLUSION**

18 | Based on the foregoing, Plaintiffs respectfully request that the Court deny

19 | Defendants' Motion in its entirety.

20 | DATED: March 7, 2016                              **KAHANA LAW, P.C.**

21 |

22 |                                                  By:__/s/ Samuel Yu_____

23 |                                                  Samuel Yu
   |                                                  Attorneys for Plaintiffs Matthew
24 |                                                  Johnson, Nathan Johnson, Gemini
   |                                                  Partners, Inc., and Alacrity Capital
25 |                                                  Offshore Fund, Ltd.

26 |

27 |

28 |

PLAINTIFFS' OPPOSITION TO DEFENDANTS DAVID MAZZA, PAUL M. WEST, AND
ANTHONY ALLEN WOOD'S MOTION TO DISMISS