O

# United States District Court
# Central District of California

| | |
|---|---|
| MATTHEW JOHNSON; NATHAN JOHNSON; GEMINI PARTNERS, INC.; and ALACRITY CAPITAL OFFSHORE FUND LTD., | Case No. 2:15-cv-09183-ODW-AS |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART [54]** |
| v. | |
| DAVID MAZZA; PAUL M. WEST; ANTHONY ALLEN WOOD; CHRISTOPHER ALLEGRETTI; HBK SORCE FINANCIAL, LLC; HA&W WEALTH MANAGEMENT LLC; HILL, BARTH & KING LLC; HABIF, AROGETI & WYNNE, LLP; and DOES 1 through 50, inclusive, | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiffs Matthew Johnson and Nathan Johnson (collectively, "Plaintiffs") filed suit against multiple defendants, including specially appearing Defendants Hill, Barth

& King LLC, HBK Sorce, LLC, and Christopher Allegretti (collectively, "HBK") alleging fraud.  HBK move for judgment on the pleadings as to the Plaintiffs' First Amended Complaint.  For the reasons discussed below, the Court **GRANTS** HBK's Motion for Judgment on the Pleadings with leave to amend as to Defendants Hill, Barth & King LLC and Christopher Allegretti, and **GRANTS** HBK's Motion for Judgment on the Pleadings without leave to amend as to Defendant HBK Sorce, LLC.[1]  (ECF No. 54.)

## II.    BACKGROUND

Plaintiffs are brothers who together formed Gemini Partners, Inc. ("Gemini") in 2001 and Alacrity Capital Offshore Fund, Ltd. ("Alacrity") in 2009.  (First Am. Compl.  ("FAC") ¶ 26, ECF No. 38.)  Gemini is an investment bank that provides capital-markets services to medium-sized businesses.  (*Id.*)  Alacrity is a fund that provides secured loans to companies that are not otherwise able to obtain traditional financing.  (*Id.*)

In late 2009 and early 2010, Plaintiffs searched for new ways to increase their business.  (*Id.* ¶ 27.)  Defendants David Mazza, Paul M. West, and Anthony Allen Wood, not specially appearing here, informed Plaintiffs of a new business model called Alethean.  (*Id.* ¶ 35.)  Mazza, West, and Wood offered Gemini an exclusive on investment banking deals from two top-100 accounting firms—one of which was Hill, Barth & King LLC—through Alethean and its product CPA360.  (*Id.* ¶ 38.)  In exchange, Alacrity would provide Alethean with a $1 million loan to get Alethean up and running.  (*Id.*)  Allegretti, as Managing Partner of Hill, Barth & King LLC, and others allegedly assured Plaintiffs that they were using CPA 360, Gemini would have an exclusive on all of HBK's investment banking business, HBK were committed to

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

Alethean's business model, and revenues generated as a result of the deal would exceed $5 million because of HBK's commitment to Alethean.  (*Id.* ¶ 40.)

Plaintiffs entered into an Investment Marketing Agreement (the "Agreement") with Alethean in July 2010.  (*Id.* ¶ 39.)  HBK were not parties to the Agreement, but Plaintiffs claim they "derived tremendous confidence and placed significant reliance on the representations and assurance of the representatives of . . . HBK, particularly the Managing Partner[] of [the] firm[] . . . Chris Allegretti."  (*Id.* ¶¶ 39, 42.)

More than a year passed without significant deal flow to Gemini and without proper payments from Alethean to Alacrity.  (*Id.* ¶¶ 47–48.)  HBK continued to reassure Plaintiffs of their commitment to CPA360 and Alethean's business model.  (*Id.*)  Eventually, Plaintiffs filed suit against the Alethean entities in California state court to recoup their investment, winning a default judgment in December 2013.  (*Id.* ¶¶ 50–51.)  While trying to collect on the default judgment in 2015, Plaintiffs discovered that Alethean was neither unique nor proprietary, had never been fully implemented or deployed at HBK, and that some Defendants had open lawsuits against them.  (*Id.* ¶¶ 53–55.)

On October 29, 2015, Plaintiffs filed their initial Complaint in Los Angeles County Superior Court, alleging: (1) fraud; (2) fraudulent inducement; (3) fraudulent transfer; and (4) constructive fraudulent transfer.  (ECF No. 1, Ex. B.)  The case was removed to this Court on November 25, 2015.  (ECF No. 1.)  On December 2, 2015, HBK filed their Answer to the initial Complaint.  (ECF No. 7.)  Mazza, West, and Wood later filed a Motion to Dismiss, which the Court granted with leave to amend on January 29, 2016.  (ECF No. 36.)  Plaintiffs filed their First Amended Complaint ("FAC") on February 12, 2016.  (ECF No. 38.)  HBK filed an answer to the FAC on February 26, 2016.  (ECF No. 44.)

On March 25, 2016, HBK filed this Motion for Judgment on the Pleadings (the "Motion"), arguing that the Plaintiffs failed both to plead their fraud claims with

particularity and to satisfactorily allege the elements of fraud.  (Motion for Judgment on the Pleadings ("Mot.") 9–11, ECF No. 54.)   Plaintiffs responded that HBK prematurely filed the Motion, and that Plaintiffs alleged facts with sufficient particularity to support their fraud claims.  (Opposition ("Opp'n") 3–6, ECF No. 61.)  Alternatively, Plaintiffs requested leave to amend if the Court grants HBK's Motion.  (*Id.* 6–7.)  This Motion is now before the Court for consideration.

### III.    LEGAL STANDARD

Fed. R. Civ. P. 12(c) allows parties to move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial."  Like a motion under Rule 12(b)(6), a motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Ross v. U.S. Bank Nat'l Assn.*, 542 F. Supp. 2d 1014, 1023 (N.D. Cal. 2008).   A motion to dismiss under either Rule 12(c) or 12(b)(6) is proper where the plaintiff fails to allege a cognizable legal theory or where there is an absence of sufficient facts alleged under a cognizable legal theory.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Accusations of fraud require a heightened particularity in pleading.  *See* Fed. R. Civ. P. 9(b).  Fed. R. Civ. P. 9(b) establishes that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud."   The "circumstances" required by Rule 9(b) are the "who, what, when, when, where, and how" of the fraudulent activity.  *Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir.2011).  In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false."  *Id.*  This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

4

# IV.   DISCUSSION

In their Motion for Judgment on the Pleadings, HBK assert that Plaintiffs' fraud claims should be dismissed for three reasons: (1) failure to meet the heightened pleading standard of Rule 9(b)  (Mot. 6, 8);  (2) broadly lumping the "accounting firm defendants' statements and conduct together, while never attributing any specific, individual statement to HBK"  (*Id.* 9); and (3) failing to allege the necessary elements of fraud under California law, specifically justifiable reliance and scienter.  (*Id.* 9–11.)

In their Opposition, Plaintiffs allege that HBK filed their Motion to Dismiss prematurely.  (Opp'n 2–3.)  Then, Plaintiffs argue that they pled facts with sufficient particularity to satisfy 9(b), asserted each element of fraud in detail, and did not base their allegations of fraud and misrepresentation on future activities.  (*Id.* 3-5.)  Finally, Plaintiffs request leave to amend the FAC if this Motion is granted.  (*Id.* 5–6.)

## A.   HBK's Motion for Judgment on the Pleadings was not Premature

As a preliminary matter, Plaintiffs' argument that HBK filed this Motion prematurely has no merit.  Neither party disputes that the "close of pleadings" refers to the time "once a complaint and answer have been filed, assuming . . . that no counterclaim or cross-claim has been made."  *Doe v. U.S.*, 419 F.3d 1058, 1061 (9th Cir. 2005).  HBK filed an Answer to the FAC on February 26, 2016, almost a month before this Motion was filed.  (ECF No. 44.)  No counterclaim or cross-claims have been filed.  Thus, the present Motion is not premature and is properly before this court.

## B.   Plaintiffs' Fraud Claims are Not Plead With Sufficient Particularity to Satisfy Rule 9(b)

Plaintiffs' FAC does not adequately articulate the "who, what, when, where and how" required of a pleading of fraud.  *Cafasso*, 637 F.3d at 1055.  First, Plaintiffs assert their fraud claims against HBK Sorce Financial, LLC.  HBK Sorce Financial, LLC is the Registered Investment Advisor ("RIA") affiliate of Hill, Barth & King LLC.  (FAC ¶ 77.)  But Plaintiffs never assert that HBK Sorce Financial, LLC made

any fraudulent misrepresentations, or representations of any kind for that matter. In fact, HBK Sorce Financial, LLC is only mentioned twice in the FAC—first to establish that it is an Ohio LLC, and then to note that IPro had acquired an ownership interest in it in 2008. (*Id.* ¶¶ 19, 77.) Since Plaintiffs have not alleged that HBK Sorce Financial, LLC made any representations at all, they have clearly not upheld their duty to plead the "who, what, when, where, and how" of their fraud claims against HBK Sorce Financial, LLC.

Next, Plaintiffs fail to sufficiently put Hill, Barth & King LLC and Allegretti on notice of the "who, what, when, where and how" of Plaintiffs' fraud claims, as required by Rule 9(b). First, Plaintiffs fail to sufficiently plead the "who" of their claims. "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant." *Swartz v. KPMG LLP,* 476 F.3d 756, 765 (9th Cir. 2007). Although a complaint is not required to detail "participation by each conspirator in every detail in the execution of the conspiracy" to establish liability, a plaintiff must at least identify the role of each defendant in a fraud suit that involves multiple defendants. *Id.*

Here, Plaintiffs do not clearly identify who made the misrepresentations regarding both the deployment of CPA360 at HBK and deal exclusivity. Plaintiffs allege that Allegretti told them Hill, Barth & King LLC was already using the CPA360 system. (FAC ¶¶ 37, 40, 47.) And Plaintiffs also claim Allegretti assured them that they would have an exclusive on all investment banking business generated through CPA360. (*Id.*) However, Allegretti is always mentioned as one in a number of parties making these types of representations, most commonly with Dan Simms, Managing Partner of codefendant Habif, Arogeti, & Wynne, LLP. (*Id.*) Further, Plaintiffs assign similar—if not the exact same—statements to Hill, Barth & King LLC as a whole without specifying who actually made them. (*Id.* ¶¶ 38, 40, 91, 116.) *See Swartz,* 476 F.3d at 765 (holding that plaintiffs did not plead fraud with the

requisite particularity against certain defendants when "[t]he complaint [was] shot through with general allegations that the 'defendants' engaged in fraudulent conduct but attribute[d] specific misconduct only to" other defendants).   Plaintiffs have lumped together the alleged statements of many Defendants in an effort to show that the misrepresentations were widely made, when they should have clearly identified who actually made each statement.

The Plaintiffs have also failed to satisfy the "when" and "where" requirements of 9(b).   Though the alleged misrepresentations are mentioned numerous times in the FAC, Plaintiffs never provide specific dates—or even months—when the statements were made.   (*Id.* ¶¶ 37, 38, 40, 91, 116.)   Plaintiffs also fail to indicate where the statements were made.   (*Id.*)   The timing and location of these statements could turn out to be crucially important in evaluating the fraud claims.   For example, if the misrepresentations were made at the meeting between Allegretti and Plaintiffs (which is unclear from the FAC, *see* FAC ¶ 40), the date of the meeting will have a significant impact on whether Plaintiffs actually relied on HBK's statements while agreeing to the deal with Alethean.   *See Semegen*, 780 F.2d at 731 (holding that "the absence of specification of any times, dates, places or other details of that alleged fraudulent involvement [was] contrary to the fundamental purposes of Rule 9(b)").

Plaintiffs do adequately plead the "what" and "how" requirements of Rule 9(b).   Plaintiffs assert that fraudulent statements were made regarding the implementation of CPA360 at HBK (FAC ¶¶ 37, 38, 40, 47, 116) and the promise of exclusivity.   (*Id.* ¶¶ 38, 40, 41, 47, 59.)   Plaintiffs also describe how these statements could be fraudulent, alleging that HBK never actually deployed CPA360 and that HBK never intended to give them much of, let alone all, their investment banking business.   (*Id.* ¶¶ 58, 108.)

Still, Plaintiff's failure to sufficiently plead the "who," "when," and "where" of their fraud allegations leads the Court to find that Plaintiffs have not satisfied Rule 9(b).   Rule 9(b)'s heightened pleading standard "protects potential defendants— especially professionals whose reputations in their field of expertise are most sensitive

1    to slander—from the harm that comes from being charged with the commission of
2    fraudulent acts." *Semegen*, 780 F.2d at 731.  If the fraud allegations are untrue, they
3    could unfairly damage the reputation of Hill, Barth & King LLC.  This type of harm is
4    exactly what Rule 9(b) seeks to prevent.

5    **C.    Had Plaintiffs Pled with Particularity, They May Have Adequately Pled**
6    **the Requisite Elements of Fraud**

7            In their Motion for Judgment on the Pleadings, HBK also claim that "plaintiffs
8    fail to allege facts sufficient to state a claim for fraud or misrepresentation."  (Mot. 7.)
9    Under Fed. R. Civ. P.  8(a), "a plaintiff must plead a short and plain statement of the
10   elements of his or her claim."  *Lopez v. City of Santa Ana*, No. SA CV 14-1369, 2014
11   WL 4476644, at *1 (C.D. Cal. 2014) (citing *Bautista v. Los Angeles Cnty.*, 216 F.3d
12   837, 840 (9th Cir.2000)).  The elements of a fraud are:  (a) misrepresentation; (b)
13   knowledge of falsity; (c) intent to defraud; (d) justifiable reliance; and (e) resulting
14   damage. *See Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).

15           First, HBK challenge the applicability of the fraud analysis to what they claim
16   are "future activities": the promise of later profits through the exclusivity deal granted
17   by the Agreement.  (Mot. 9–10.)  While it is generally true that "statements regarding
18   future events are merely deemed opinions," (*Pate v. Berkeley (USA) Holding, Ltd.*, 69
19   F. App'x. 875, 876 (9th Cir. 2003)), it is also true that Plaintiffs can "show that
20   forward-looking statements are false, [if] plaintiffs . . . prove that [they] were made
21   with 'actual knowledge' that they were false or misleading."  *In re Am. Apparel, Inc.*
22   *S'holder Litig.,* No. CV 10-06352 MMM (JCGx), 2013 WL 174119, at *27 (C.D. Cal.
23   2013).  Because Plaintiffs claim that HBK knew the CPA360 system was "never
24   completed" and that HBK "never intended to deliver investment banking business to
25   Gemini through the CPA360 system because it was never possible to do so, "
26   Plaintiffs could have shown that HBK had actual knowledge that the statements were
27   false and misleading if Plaintiffs had satisfied the Rule 9(b) pleading requirements.
28   (FAC ¶ 57.)

1    Moreover, HBK only cursorily address the misrepresentations that Plaintiffs
2    most heavily focus on: that the CPA360 program was already deployed at Hill, Barth
3    & King LLC and that Plaintiffs received an "iron clad exclusivity on all deals coming
4    out of . . . HBK for a term of three years."  (*Id.* ¶¶ 37–38; *see* Reply 5.)  HBK do
5    assert that Plaintiffs failed to plead the necessary elements of justifiable reliance and
6    intent to defraud in their FAC.  (Mot. 10–11.)  However, Plaintiffs address the
7    justifiable reliance element by alleging that they relied on the representations from
8    Hill, Barth & King LLC and Allegretti because of HBK's credibility as a top-100
9    accounting firm.  (FAC ¶¶ 40, 42.)  Plaintiffs also deal with intent to defraud by
10   asserting that HBK repeated their misrepresentations because they knew that CPA360
11   could never compete with more entrenched competitors.  (*Id.* ¶¶ 108, 116.)  Thus, the
12   Plaintiffs' FAC may have satisfactorily pled these two contested elements if it had
13   satisfied Rule 9(b).

14   **D.    Leave to Amend**

15   Fed. R. Civ. P. 15(a)(2) states that courts "should freely give leave [to amend]
16   when justice so requires."  The Supreme Court has established various factors
17   weighing against giving leave to amend, such as "undue delay, bad faith or dilatory
18   motive on the part of the movant, repeated failure to cure deficiencies by amendments
19   previously allowed, undue prejudice to the opposing party by virtue of allowance of
20   the amendment, futility of amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182
21   (1962).  If these factors are not present, leave to amend is "to be applied with extreme
22   liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.
23   2001).

24   None of the factors listed above are present in this case as to the fraud claims
25   against Hill, Barth & King LLC and Allegretti.  With greater particularity of pleading,
26   Plaintiffs can more clearly define their allegations to fulfill the "who, what, when,
27   where, and how" requirements of Rule 9(b).  If the Plaintiffs do so, they may

28

overcome the high bar of Fed R. Civ. P. 9(b).  Thus, leave to amend will be granted as to the claims against Hill, Barth & King LLC and Allegretti.

However, Plaintiffs do not actually allege that HBK Sorce Financial, LLC made any fraudulent representations.  It does not appear that HBK Sorce Financial, LLC ever made any representations at all to Plaintiffs.  Because of this utter failure to discuss any misrepresentations made by HBK Sorce Financial, LLC, leave to amend will not be granted as to Plaintiffs' claims against HBK Sorce Financial, LLC.

## V.   CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** HBK's Motion for Judgment on the Pleadings in favor of HBK, with leave to amend as to the fraud claims against Hill, Barth & King LLC and Christopher Allegretti**.**  (ECF No. 54.) Plaintiffs will have 30 days to amend their complaint as to these defendants.   If Plaintiffs do not amend within 30 days (on or before October 21, 2016), the Court will close this case without prejudice.

The Court also **GRANTS** HBK's Motion for Judgment on the Pleadings in favor of HBK, without leave to amend as to the fraud claims against HBK Sorce, LLC.

**IT IS SO ORDERED.**

September 20, 2016

_____
        **OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**