**O**

# United States District Court
# Central District of California

| | |
|---|---|
| MATTHEW JOHNSON; NATHAN JOHNSON; GEMINI PARTNERS, INC.; and ALACRITY CAPITAL OFFSHORE FUND, LTD., | Case No. 2:15-cv-09183-ODW(AS) |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART AND DENYING PLAINTIFFS' MOTION TO STRIKE [69]** |
| v. | |
| DAIVD MAZZA; PAUL M. WEST; ANTHONY ALLEN WOOD; JOSEPH D. SIMMS; CHRISTOHPER ALLEGRETTI; HILL BARTH & KING LLC; HA&W WEALTH MANAGEMENT LLC; HABIF, AROGETI & WYNNE, LLP; and DOES 1 through 50, inclusive, | |
| Defendants. | |

## I.     INTRODUCTION

This case involves a loan and business relationship gone awry with each side alleging fraud (among other claims) against the other.  Plaintiffs/counterdefendants

Matthew Johnson, Nathan Johnson, Gemini Partners, Inc., and Alacrity Capital Offshore Fund, Inc. (collectively referred to herein as "Johnson") assert the following causes of action: (1) fraud; (2) fraudulent inducement; (3) fraudulent transfer; and (4) constructive fraudulent transfer.  (Pl.'s Original Complaint ¶¶ 124–155, ECF No. 1-2.)  Defendants/counterclaimants David Mazza, Paul M. West, and Anthony Allen Wood (collectively referred to herein as "Mazza") bring counterclaims for intentional and negligent interference with a contract, equitable estoppel, fraud, and conspiracy.  (Answer with Counterclaims of Def. ("Countercl.") 26—37, ECF No. 67.)  Johnson's position is that these counterclaims comprise a meritless "strategic lawsuit against public participation" ("SLAPP,") prohibited under California's Anti-SLAPP statute.  (Motion to Strike or Dismiss ("Mot.") 2, ECF No. 69.); Cal. Civ. Proc. Code § 425.16.  Alternatively, Johnson asserts that the counterclaims should be dismissed pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  (*Id.*)  Johnson's Motion to Strike or Dismiss is now before the Court for consideration.[1]  For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion to Dismiss pursuant to FRCP 12(b)(6) with leave to amend in part and without leave to amend in part, and **DENIES** Plaintiffs' Motion to Strike.  (ECF No. 69.)

## II.     FACTUAL BACKGROUND

Matthew and Nathan Johnson are brothers who together formed Gemini Partners, Inc. ("Gemini") in 2001 and Alacrity Capital Offshore Fund, Ltd. ("Alacrity") in 2009.  (First Am. Compl. ("FAC") 26, ECF No. 38.)  Gemini is an investment bank that provides capital market services to medium-sized businesses.  (*Id.*)  Alacrity is a fund that provides secured loans to companies unable to obtain traditional financing.  (*Id.*)

The Johnson brothers were introduced to Defendant Mazza by a mutual friend.  (*Id.* ¶ 28.)  Mazza was promoting a new business model at the time, under the name

---

[1] After carefully considering the papers filed with respect to this Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

Alethean, and he solicited business from Johnson.  (*Id.*)  The business proposal offered Gemini an exclusive on investment banking deals through CPA360, a web-based portal that matched CPA's clients in need of financial services with financial services providers, such as Gemini.  (*Id.* ¶ 38.)  In turn, Alacrity would provide Alethean with a $1 million loan.  (*Id.*)  Mazza assured Johnson that revenues generated as a result of the deal would exceed $5 million and that two of the top-100 accounting firms in the country—Defendants HBK Sorce Financial, LLC, and HA&W Wealth Management LLC—were fully committed to Alethean.  (*Id.* ¶¶ 37–38, 40, 42.)

Years passed without significant deal flow to Gemini and without proper payments from Alethean to Alacrity.  (*Id.* ¶¶ 48, 50.)  After making a formal demand for payment, Defendants Wood, West, and Mazza, among others, began taking the position that they were no longer involved with Alethean.  (*Id.* ¶ 50.)   Johnson filed suit against the Alethean entities in California state court.  (*Id.* ¶¶ 50–51.)  The state court granted default judgment in December 2013.  (*Id.* ¶ 51.)  In early 2015, while trying to collect on the default judgment, Johnson discovered a bankruptcy and a number of lawsuits filed against several of the Defendants named in this action.  (*Id.* ¶¶ 52–53.)   After reviewing the documents involved in those lawsuits, Johnson discovered that Alethean was neither unique nor proprietary and had never been fully implemented or deployed, as previously stated.  (*Id.* ¶¶ 54–57.)

Mazza's position, alternatively, is that Johnson perpetrated a scheme to defraud Mazza through the loan agreement and through the court system.  (Def. Opposition to Motion to Strike or Dismiss ("Opp'n") 2, ECF No. 70.)

## III.   LEGAL STANDARD

Johnson asserts two separate grounds in urging this Court to strike or dismiss Mazza's counterclaims: California's Anti-SLAPP statute (Cal. Civ. Proc. Code § 425.16) and FRCP 12(b)(6), for failure to state a claim upon which relief can be granted.

### A.    Anti-SLAPP

3

California's Anti-SLAPP statute allows defendants (or counterdefendants) in courts applying California substantive law to counter suits by making a special motion to strike a claim if that claim arises from an act by the defendants to further their right of petition or free speech in connection with a public issue.  Cal. Civ. Proc. Code § 425.16(b)(1); *see also Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (concluding that the twin aims of the *Erie* doctrine "favor application of California's anti-SLAPP statute in federal cases").  An act qualifies for protection under this statute if it falls within one of four categories:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law[;] (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law[;] (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest[;] or (4) any conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

*Id.* § 425.16(e).

In considering an Anti-SLAPP motion, a court must engage in a two-step process.  First, a court should determine whether the defendants have made a prima facie showing that the plaintiff's claims arise from an act protected under the statute. *Ingles v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1061 (Ct. App. 2005).  To make this determination, a court should look to any pleadings or affidavits that state facts supporting or refuting the parties' theories of liability or defense regarding the claim.  *Martinez v. Metabolife Int'l Inc.*, 113 Cal. App. 4th 181, 186 (Ct. App. 2003).

If the defendant makes the required prima facie showing, the burden then shifts

to the plaintiff to demonstrate "a probability that [he] will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b)(1). The plaintiff must provide admissible evidence to establish that "the complaint is legally sufficient and supported by a prima facie showing of facts [that] sustain a favorable judgment." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001). If the plaintiff fails to make this showing by a preponderance of the evidence, a court must grant the motion to strike and award the prevailing defendant attorneys' fees and costs. Cal. Civ. Proc. Code § 425.16(c)(1); *Ingles*, 129 Cal. App. 4th at 1061–62.

### B.      Rule 12(b)(6)

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Generally, a court should freely give leave to amend a complaint that has been dismissed, even if not requested by the

party.  *See* Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  However, a court may deny leave to amend when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   ANALYSIS

The Court addresses each of Mazza's causes of action in turn to determine whether any of them should be stricken or dismissed.

### A.   First Cause of Action: Intentional Interference with a Contract

### i.   *Anti-SLAPP*

As to this cause of action, the Court need only reach the first prong of the Anti-SLAPP analysis because this counterclaim does not arise from an act protected under the statute.  *See* Cal. Civ. Proc. Code § 425.16.  Mazza's counterclaim asserts that Johnson was unable to close deals introduced to him within the scope of the parties' contract, that Johnson made it impossible for Mazza to perform under the contract, and that Johnson's conduct caused Mazza financial harm.  (Countercl. ¶¶ 27-31.)  It is difficult to imagine how these allegations could possibly arise from a protected act of public participation or free speech, but Johnson attempts to make such an argument by claiming that because the counterclaim followed the filing of the initial complaint, it is an attack on Johnson's right to petition the Court.  (Mot. 3-4.)

This argument is illogical.  At least as to the first counterclaim, alleging Intentional Interference with a Contract, none of the allegations concern Johnson's filing of a lawsuit.  The allegations concern only  Johnson's actions in fulfilling his obligations to the parties' contract.  (Countercl. 27-31.)  To the extent that other causes of action do include allegations relating to Johnson's filing of the initial Complaint, they will be given individual treatment below.  Focusing on the first cause of action, there is nothing to suggest that the alleged conduct related to Johnson's rights of free speech, to petition, or in connection with any public issue whatsoever.

(*See id.*)  As the court in *City of Cotati v. Cashman* noted in dealing with an Anti-SLAPP motion, "the mere fact that the city's action was filed after protected activity took place does not mean it arose from that activity."  29 Cal.4th 69, 76-77 (2002).  Here, the "protected activity" would be Johnson's filing of the underlying lawsuit.  But if filing a counterclaim after being first served with a lawsuit were considered an act chilling public participation for purposes of Anti-SLAPP, almost any counterclaim could be stricken on this basis.[2]  Thus, the Court **DENIES** Johnson's Motion to Strike as to Mazza's first cause of action.

### ii.    *Rule 12(b)(6)*

Under California law, the elements for the tort of intentional interference with a contract are: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage."  *United Nat. Maintenance, Inc. v. San Diego Convention Center, Inc.*, 766 F.3d 1002, 1006 (9th Cir. 2014).

Here, Mazza's claim fails to meet the 12(b)(6) standard as to the first element of the tort; Mazza does not adequately allege that a contract existed involving a third party.  Mazza lists the counterclaim defendants as Matthew Johnson, Nathan Johnson, Alacrity Capital Offshore Fund, Ltd, and Gemini Partners, Inc.  (Countercl. ¶¶4-7.)  But the only parties Mazza alleges a contractual relationship with are those same parties: specifically, Alacrity and Gemini.  (*See* Countercl.; Opp'n 11.)  Therefore,

---

[2] For examples of protected activities for purposes of Anti-SLAPP, *see, e.g.*, *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414 (9th Cir. 2014) (deciding that a suit against a news network for failure to provide closed captioning was a SLAPP because it implicated the network's First Amendment rights of choosing how to deliver content); *Comstock v. Aber*, 212 Cal.App.4th 931 (2012) (communications to the police are within the purview of the Anti-SLAPP statute); *Hupp v. Freedom Comm'ns, Inc.*, 221 Cal.App.4th 398 (2013) (ruling that a newspaper publisher's failure to delete user-generated comments that allegedly invaded another user's privacy was an act in furtherance of the publisher's free speech rights); *cf. Olive Properties v. Coolwaters Enters., Inc.*, 241 Cal.App.4th 1169 (2015) (finding no protected act in a tenant's failure to pay rent and common area maintenance charges).

1    there can be no third party, other than the listed counterclaim defendants, with whom

2    Mazza has alleged a contractual relationship.  Because Mazza has not pled sufficient

3    facts to support a cognizable legal theory, the first cause of action for Intentional

4    Interference with a Contract is **DISMISSED WITH LEAVE TO AMEND**.

5        **B.**    **Second Cause of Action: Negligent Interference with a Contract**

6            *i.*    ***Anti-SLAPP***

7          The Motion to Strike as to the second cause of action, Negligent Interference

8    with a Contract, fails for the same reasons set forth above regarding the first cause of

9    action.  Johnson's Motion to Strike is **DENIED** as to Mazza's second cause of action.

10           *ii.*    ***Rule 12(b)(6)***

11         As Mazza acknowledges, this is not a valid claim because California does not

12   recognize Negligent Interference with a Contract as a cause of action.  (*See* Opp'n 12.)

13   Mazza states that the claim was misstated and should have been identified as a claim

14   for Interference with Prospective Economic Advantage.  (*Id.*)  On the basis that the

15   claim as stated does not represent a cognizable legal theory, the second cause of action

16   for Negligent Interference with a Contract is **DISMISSED WITH LEAVE TO**

17   **AMEND**.

18       **C.**    **Third Cause of Action: Equitable Estoppel**

19           *i.*    ***Anti-SLAPP***

20         The Motion to Strike as to the third cause of action, Equitable Estoppel, fails for

21   the same reasons set forth above regarding the first cause of action.  Johnson's Motion

22   to Strike is **DENIED** as to Mazza's third cause of action.

23           *ii.*    ***Rule 12(b)(6)***

24         Mazza confusingly includes Equitable Estoppel as one of the five counterclaims

25   against Johnson, without naming what Johnson should be estopped from doing.  (*See*

26   Countercl. ¶¶ 37-39.)  Moreover, Equitable Estoppel is not an affirmative claim, but

27   rather an affirmative defense.  *See, e.g.*, *Redevelopment Agency of City of Richmond v.*

28   *Maynard*, 244 Cal.App.2d 260, 263-264 (1966).  As such, Mazza's "claim" for

1    Equitable Estoppel fails because it does not advance a cognizable legal theory.

2    Because Equitable Estoppel is not a cause of action, the Court declines to allow

3    Mazza leave to amend this claim.  The third cause of action for Equitable Estoppel is

4    thus **DISMISSED WITHOUT LEAVE TO AMEND**.

5              **D.    Fourth Cause of Action: Fraud**

6                        ***i.    Anti-SLAPP***

7         Mazza's fourth cause of action, for Fraud, does include allegations directly

8    related to Johnson's filing of the initial Complaint in this lawsuit.  (Countercl. ¶ 45-

9    46.)  Mazza asserts that Johnson "acted fraudulently" in bringing lawsuits, including

10   the underlying suit here, against Mazza.  (*Id.*)  Mazza's also references a 2013 lawsuit

11   in which Johnson won a default judgment against Alethean and calls that judgment

12   "fraudulent[]."  (*Id.* ¶ 46.)  However, despite these references to Johnson's act of

13   public participation by filing a lawsuit, the cause of action on the whole does not fall

14   within the scope of Anti-SLAPP protection.

15        While activity surrounding a lawsuit does qualify as "public participation" for

16   purposes of Anti-SLAPP in some contexts, "it does not follow that any claims

17   associated with those activities are subject to the [Anti-SLAPP] statute."  *Castleman*

18   *v. Sagaser*, 216 Cal.App.4th 481, 499 (2013).  And in the case of Mazza's fourth

19   cause of action for Fraud, most of the allegations do not even relate to Johnson's

20   instigation of the lawsuits.  Mazza asserts that Johnson knowingly misled him

21   throughout their contractual relationship, which began years prior to Johnson filing

22   suit.  (Countercl. ¶¶ 41-44.)  Mazza's allegations that Johnson's lawsuits have been

23   fraudulent or involved fraudulent behavior do not take the substance of this cause of

24   action within the scope of activity that Anti-SLAPP protects.  The majority of

25   Mazza's assertions within this same cause of action are unrelated to the filing of the

26   lawsuit.  As a result, this cause of action does not implicate Johnson's rights to free

27   speech or public participation.  *See Oasis West Realty, LLC v. Goldman*, 51 Cal.4th

28   811, 821 (2011) ("if the [claimant] can show a probability of prevailing on *any part of*

*its claim*, the cause of action is not meritless and will not be stricken.") (emphasis in original).  Thus, Johnson's Motion to Strike is **DENIED** as to Mazza's fourth cause of action.

### ii.       *Rule 12(b)(6)*

This cause of action requires a heightened pleading standard because it alleges fraud.  Courts have interpreted FRCP 9(b) to require that the pleader of a fraud claim state the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *Schreiber Dist. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Lewis v. Sporck*, 612 F.Supp. 1316, 1325 (N.D. Cal. 1985) (requiring that pleaders of fraud "identify the time, place, and manner of each fraud plus the role of each defendant in each scheme").

Mazza's counterclaim against Johnson for Fraud does not meet this high standard.  Mazza provides only a vague outline of Johnson's alleged fraudulent activity, and the counterclaim does not clearly distinguish between the roles of the various defendants.  (*See* Countercl. ¶¶ 8-26; 40-47.)  There are very few times or places described in connection with the alleged representations or omissions.  (*See id.*)  The language of the counterclaim is instead filled with conclusory statements claiming that the various defendants' acts were "self-serving" and "fraudulent[]."  (*Id.* ¶¶ 25, 45.)

Without more specific information as to the timeline and content of the alleged fraudulent representations or omissions, Mazza cannot meet the heightened pleading standard required for claims of fraud.  *See* Fed. R. Civ. P. 9(b).  As such, the fourth cause of action for Fraud is **DISMISSED WITH LEAVE TO AMEND**.

### E.       **Fifth Cause of Action: Conspiracy**

### i.       *Anti-SLAPP*

Like Mazza's fourth cause of action, the cause of action for Conspiracy includes allegations relating to Johnson's filing of lawsuits.  (Countercl. ¶ 52.)

Nonetheless, the Court concludes that the cause of action for Conspiracy does not implicate Anti-SLAPP statute-protected rights for the same reasons set forth above as to the fourth cause of action.  Johnson's Motion to Strike is **DENIED** as to Mazza's fifth cause of action.

### ii.    Rule 12(b)(6)

Mazza's allegations of conspiracy do not rise to the level required to survive a Rule 12(b)(6) motion to dismiss.  Even though this Court views the allegations in the light most favorable to Mazza, the Court cannot consider conclusory allegations or unreasonable deductions of fact.  *See Sprewell*, 266 F.3d at 988.  Mazza's counterclaim merely states conclusively, rather than explains, why the Johnson defendants' actions constitute conspiracy.  (*See* Countercl. ¶¶ 48-56.)  Because of this, the fifth cause of action for Conspiracy is **DISMISSED WITH LEAVE TO AMEND**.

## V.    CONCLUSION

In summary, Johnson's Motion to Strike Mazza's counterclaims as a meritless SLAPP action is **DENIED**, and Johnson's Motion to Dismiss pursuant to FRCP 12(b)(6) is **GRANTED** with leave to amend as to Mazza's counterclaims for Intentional Interference with a Contract, Negligent Interference with a Contract, Fraud, and Conspiracy, and **GRANTED** without leave to amend as to Mazza's counterclaim for Equitable Estoppel.   Mazza's entire counterclaim is thus to **DISMISSED**, with leave to amend as to causes of action 1, 2, 4, and 5.

**IT IS SO ORDERED.**

October 4, 2016

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**